# EXHIBIT A

John P. Fazzio, Esq.
Fazzio Law Offices
jfazzio@fazziolaw.com
Court Plaza South
21 Main Street, Ste. 255
Hackensack, NJ 07601
Phone: (201) 529-8024 x103
Fax: (201) 529-8011
*Attorneys for Plaintiff Ameream LLC*

| | |
|---|---|
| AMEREAM LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; WESTPORT INSURANCE CORPORATION; STATE NATIONAL INSURANCE COMPANY, INC.; ZURICH AMERICAN INSURANCE COMPANY and FACTORY MUTUAL INSURANCE COMPANY,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY, LAW DIVISION<br><br>Docket No.:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff Ameream LLC ("Ameream"), by way of complaint against the defendants, alleges as follows:

## NATURE OF THE ACTION

1. Ameream brings this action for a declaration that the defendant insurance companies ("Defendants") are obligated to fully pay damages, losses and expenses incurred by Ameream arising out of an accident that occurred at the American Dream entertainment and retail complex on February 19, 2023.

2. Ameream seeks a declaration that Defendants have wrongfully failed and refused to accept, acknowledge or undertake their insurance obligations with respect to the claims set forth herein, and that Defendants therefore have surrendered, waived and are estopped from enforcing

1

any contractual obligation, limitation, exclusion or other provision in the subject policies arguably running their favor.

3.      Ameream also seeks damages for losses and expenses covered by the insurance policies, as described below. Defendants have wrongfully failed and refused to meet their contractual obligations to pay Ameream's damages, losses and expenses, and have otherwise wrongfully failed to accept, acknowledge or undertake fully their contractual duties to Ameream. Accordingly, Ameream seeks damages and other relief for Defendants' breach of contract and repudiation of the insurance policies as set forth herein.

## PARTIES

4.      Ameream is a foreign limited liability company with a business address at One Meadowlands Plaza, 3rd Floor, East Rutherford, New Jersey 07073. Ameream is the developer of the American Dream entertainment and retail project located in the Meadowlands Sports Complex in East Rutherford, New Jersey (the "Project").

5.      Defendant The Insurance Company of the State of Pennsylvania ("ICOSOP") is an insurance company incorporated under the laws of Illinois with a National Association of Insurance Commissioner's Number ("NAIC No.") of 19429 and business addresses at 500 W Madison Street, Ste. 3000, Chicago, IL 60661 and 1271 Avenue of the Americas, Floor 37, New York, NY 10020.  ICOSOP issued Insurance Policy #753 5388 to Ameream insuring Ameream's property and business operations at the Project.

6.      Defendant Westport Insurance Corporation ("Westport") is an insurance company incorporated under the laws of Missouri with an NAIC No. of 39845 and with business addresses at 1200 Main Street, Kansas City, MO 64105, 5200 Metcalf Ave., Overland Park, KS 66202 and

2

27 Guyer Road, Westport, CT 06880.  Westport issued Insurance Policy #1097154 to Ameream insuring Ameream's property and business operations at the Project.

7.   Defendant State National Insurance Company, Inc. ("State National") is an insurance company incorporated under the laws of Texas with an NAIC No. of 12831 and with a business address at 1900 L Don Dotson Dr., Bedford, Texas 76021. State National issued Insurance Policy #RDN-21967-PAX to Ameream insuring Ameream's property and business operations at the Project.

8.   Defendant Zurich American Insurance Company ("Zurich") is an insurance company incorporated under the laws of New York with business addresses at 1299 Zurich Way, 5th Floor, Schaumburg, IL 60196 and 100 High St., Ste 14, Boston, Massachusetts 02110. Zurich issued Insurance Policy #MCP 3728113-00 to Ameream insuring Ameream's property and business operations at the Project.

9.   Defendant Factory Mutual Insurance Company ("Factory Mutual") is an insurance company incorporated under the laws of Rhode Island with an NAIC No. of 21482 and with business addresses at P.O. Box 7500, Johnston, RI 02919 and 300 Kimball Drive, Suite 200, Parsippany, NJ 07054.  Factory Mutual issued Insurance Policy Numbers #1097154 and #1097739 to Ameream insuring Ameream's property and business operations at the Project.

10.   Defendants ICOSOP, Westport, State National, Zurich and Factory Mutual are sometimes collectively referred to in this complaint as "the Insurers" and the insurance policies issued to Ameream by those defendants are sometimes collectively referred to as "the Policies."

## THE HELICOPTER ACCIDENT

11.   The Project's entertainment and recreational attractions include the Nickelodeon Universe Theme Park, which covers an area of over 300,000 square feet and features over thirty-

3

five rides, and the DreamWorks Water Park (the "Water Park"), which covers an area of over 225,000 square feet and contains forty water slides and fifteen attractions including a 1.5 acre Wave Pool and 142-foot-tall body slide.

12. On February 19, 2023, the two-ton helicopter theming element suspended over a portion of the Penguins Frozen Fun Zone in the Water Park fell onto a railing and into the pool (the "Helicopter Accident").

13. The fallen helicopter damaged adjacent structures, injured several patrons, and caused significant other damages, losses and expenses to Ameream and the Project. On the date of the Helicopter Accident, the New Jersey Department of Community Affairs shut down the entire Water Park until safe conditions for patrons could be assured.

14. After the fallen helicopter and associated damage were observed and documented, Ameream mobilized a contractor to remove the helicopter and other debris from the pool and Water Park area and worked to repair the damage, thoroughly inspect all Water Park features and equipment to assure safety and mitigate the adverse effects of the incident on the Project.

15. The Department of Community Affairs allowed the Water Park to reopen on February 25, 2023.

<strong><u>AMEREAM'S CLAIM UNDER THE POLICIES</u></strong>

16. In September and October 2023 Ameream submitted to the Insurers an interim claim in the amount of $20,467,433.20 representing some of the damages and losses resulting from the Helicopter Accident, including property damage losses, business interruption losses through August 2023, gross earnings losses, legal fees, claims preparation costs and other damages, losses and expenses (the "Interim Claim").

4

17.     The Interim Claim was submitted to the Insurers without prejudice to Ameream's subsequent submission of additional and supplemental claims reflecting other and further damages, losses and expenses caused by the Helicopter Accident.

18.     In decisions dated August 20, 2024 and September 23, 2024, the Insurers agreed to a partial, limited payment on the Interim Claim and substantially denied the claim.

19.     In response to Ameream's Interim Claim of $20,467,433.20 the Insurers paid Ameream the sum of $1,589,099.06, or 7.8 percent of the Interim Claim, which Ameream accepted under a full reservation of rights.

20.     Among other erroneous and arbitrary determinations, and by way of example only, the Insurers wrongfully failed to recognize and accept the total amount of lost revenue and earnings suffered by Ameream during the one-week period the Water Park was shut down but, instead, arbitrarily reduced the recognized amount of lost revenue and earnings.

21.     In substantially denying the Interim Claim, the Insurers also arbitrarily and erroneously denied or substantially reduced Ameream's claims for legal fees, claims preparation costs and other damages, losses and expenses.

22.     By way of further example, the Insurers arbitrarily and wrongfully denied in its entirety the largest component of the Interim Claim, comprised of Ameream's business interruption damages, losses and expenses in the period following the reopening of the Water Park on February 25, 2023.

23.     The Policies' business interruption terms provide coverage for the loss of gross earnings during the "period of liability," defined in the Policies as the period starting from the time of physical loss and ending when the facility resumes operation.

24.     The Insurers denied recovery on the Interim Claim for all damages, losses and expenses incurred by Ameream following the reopening of the Water Park on the erroneous basis that the "period of liability" is only the one-week period when the Water Park was shut down following the Helicopter Accident.

25.     On this erroneous basis, the Insurers denied in its entirety Ameream's claim for depressed revenue in the months following the Water Park reopening and Ameream's related claim for marketing and other expenses incurred after the Water Park reopened in an effort to mitigate the impact of the Helicopter Accident on Project revenues.

26.     In substantially rejecting the Interim Claim, the Insurers wrongfully failed to honor the Policies' terms and breached the Policies.

27.     In denying Ameream's claim for business interruption losses, the Insurers arbitrarily and wrongfully failed to acknowledge that, in addition to providing coverage for damages, losses and expenses during the "period of liability," the Policies provide coverage for an "extended period of liability" under which Ameream is entitled to indemnification for business interruption damages, losses and expenses "…for such additional length of time as would be required with the exercise of due diligence and dispatch to restore the Insured's business to the condition that would have existed had no loss happened…".

28.     Under this and related provisions, the Policies provide coverage for Ameream's business interruption damages, losses and expenses in the months following the Water Park reopening.

29.     Additionally, because coverage is required during the "extended period of liability," the additional marketing and other expenses Ameream incurred in an effort to mitigate damages also are covered by the Policies.

30.     The Insurers' failure to indemnify Ameream for damages, losses and expenses incurred during the "extended period of liability" contravenes both the Policies' language and New Jersey law governing the interpretation of insurance policies to comport with the insured's reasonable expectations.

## FIRST COUNT

### (Declaratory Judgment)

31.     All prior allegations are incorporated by reference, as if set forth at length.

32.     This is a cause of action for declaratory relief pursuant to N.J.S.A. §2A:16-52. Ameream seeks a judicial determination of the parties' rights under the Policies. The issuance of the requested declaration will resolve the controversy between the parties regarding the interpretation and application of the Policies.

33.     As a result of the Helicopter Accident, Ameream has incurred and suffered substantial damages, losses and expenses.

34.     Ameream is entitled to full payment from the Insurers for all damages, losses and expenses incurred as a result of the helicopter accident in accordance with the Policies.

35.     An actual and justiciable controversy presently exists regarding the Insurers' obligations to pay for all of the damages, losses and expenses incurred and suffered by Ameream as a result of the Helicopter Accident.

## SECOND COUNT

### (Breach of Contract)

36.     All prior allegations are incorporated by reference, as if set forth at length.

37.     As a result of the Helicopter Accident, Ameream has incurred and suffered substantial damages, losses and expenses.

7

38.   The Policies are valid and binding contracts between Ameream and the Insurers.

39.   The Insurers are contractually obligated to indemnify Ameream from damages, losses and expenses incurred as a result of the Helicopter Accident, as set forth in the Policies.

40.   Ameream has complied with all conditions precedent to the Insurers' obligations under the Policies.

41.   Ameream has complied with all of its obligations under the Policies, including by paying all premiums and providing the Insurers with timely notice of the Helicopter Accident.

42.   The Insurers have breached the Policies by failing to indemnify Ameream from and against the vast majority of the damages, losses and expenses incurred as a result of the Helicopter Accident.

43.   As the result of the Insurers' delays, actions and non-actions, the Insurers are estopped from denying full coverage of the Interim Claim and other damages, losses and expenses Ameream has incurred as a result of the Helicopter Accident.

44.   As a direct and proximate result of the Insurers' breaches as described above, Ameream has suffered damages in an amount to be established at trial.

## THIRD COUNT

### (Appoint Umpire)

45.   All prior allegations are incorporated by reference, as if set forth at length.

46.   All of the Policies include provisions requiring an appraisal process to resolve disputes in value after a covered loss takes place. Under these provisions, Ameream and the Insurers each appoint one appraiser and, if there is a disagreement, the two appraisers appoint an umpire.

8

47.     Under these provisions, a written agreement signed by any two of the three appointees establishes the amount of the loss.

48.     Under the Policies, in the event that the two appraisers are unable to agree on an umpire, the umpire shall be selected by a judge of the court of record in the state in which the appraisal is pending.

49.     Ameream and the Insurers have not yet appointed appraisers or selected an umpire.

**WHEREFORE**, plaintiff Ameream LLC demands judgment against the defendants, as follows:

A.  Declaring and adjudging that the defendants have breached their obligations under the Policies by failing to fully indemnify Ameream in accordance with the Policies from and against all damages, losses and expense incurred as a result of the Helicopter Accident;

B.  Awarding damages to Ameream, in an amount to be determined at trial, resulting from defendants' breaches of the Policies;

C.  For reasonable attorneys' fees, costs and expenses to the extent provided by the New Jersey court rules and other applicable authority;

D.  In the event that Ameream and the Insurers cannot agree upon an umpire as provided in the Policies, appointing an umpire to resolve valuation disputes related to the Helicopter Accident; and

E.  For such other and further relief as the Court may deem just and proper.

Fazzio Law Offices
Court Plaza South
21 Main Street, Ste. 255
Hackensack, NJ 07601
Phone: (201) 529-8024 x103
Fax: (201) 529-8011
*Attorneys for Plaintiff Ameream LLC*

By: *John Fazzio*
        John P. Fazzio, Esq.

Dated:  May 29, 2025

9

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any Court, is not the subject of a pending arbitration proceeding, and not the subject of any other contemplated action or arbitration proceeding. I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1, plaintiff designates John P. Fazzio, Esq. as trial counsel in this matter.

Fazzio Law Offices
Court Plaza South
21 Main Street, Ste. 255
Hackensack, NJ 07601
Phone: (201) 529-8024 x103
Fax: (201) 529-8011
*Attorneys for Plaintiff Ameream LLC*

By: _John Fazzio_____
      John P. Fazzio, Esq.

Dated:  May 29, 2025

10

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003579-25

**Case Caption:** AMEREAM LLC   VS THE INSURANCE COMPAN Y OF THE

**Case Initiation Date:** 05/29/2025

**Attorney Name:** JOHN P FAZZIO III

**Firm Name:** FAZZIO LAW OFFICES

**Address:** 5 MARINE VIEW PLZ STE 218

HOBOKEN NJ 07030

**Phone:** 2015298024

**Name of Party:** PLAINTIFF : Ameream LLC

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Ameream LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Insurer and Insured

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/29/2025

Dated

/s/ JOHN P FAZZIO III

Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK       NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   MAY 29, 2025
                        RE:     AMEREAM LLC    VS THE INSURANCE COMPAN Y OF THE
                        DOCKET: BER L -003579 25


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL N. BEUKAS

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (201) 221-0700 EXT 25645.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                  ATT: JOHN P. FAZZIO
                                  FAZZIO LAW OFFICES
                                  5 MARINE VIEW PLZ
                                  STE 218
                                  HOBOKEN          NJ 07030


ECOURTS
```